Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered January 6, 2015, convicting defendant, after a jury trial, of arson in the second degree and reckless endangerment in the second degree, and sentencing him to concurrent terms of five years and one year, unanimously modified, on the law, to the extent of vacating the second-degree arson conviction, and remanding for a new trial on that charge, and otherwise affirmed.
 

 The court erred by denying defendant’s request to instruct the jury on the lesser included offense of arson in the fourth degree. There was a reasonable view of the evidence that defendant was not guilty of second-degree arson, but was guilty of fourth-degree arson (see generally People v Rivera, 23 NY3d 112, 120 [2014]).
 

 The relevant difference between these crimes in this case is that second-degree arson involves intentionally damaging a building by starting a fire, while fourth-degree arson involves recklessly damaging a building by intentionally starting a fire (see Penal Law §§ 150.05, 150.15). Viewed in the light most favorable to defendant, there was a reasonable view of the evidence that he did not intend to damage his apartment, or any other part of the building, by setting a fire to a video game console, and that his sole object in doing so was to kill himself through smoke inhalation. It cannot be said that the only interpretation of defendant’s actions was that he intended to damage the building by fire. Although a natural and probable consequence of setting the fire was that the fire would damage the building, this did not conclusively establish such an intent, which was for the jury to decide (see People v Fernandez, 64 AD3d 307, 313-315 [1st Dept 2009], appeal withdrawn 13 NY3d 796 [2009]). On these facts, the jury could have found that, rather than actually intending to cause damage, defendant was “aware of and consciously disregarded] a substantial and unjustifiable risk that [damage would] occur” (Penal Law § 15.05 [3]).
 

 To the extent defendant’s argument concerning a jury inquiry is not rendered academic by this modification, we find that argument to be without merit. Accordingly, we find no basis upon which to vacate the remaining conviction.
 

 Concur— Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.